UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:07-CR-138-KSF-HAI |
| | ) | No. 5:10-CV-7143-KSF-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| MARSHALL TILGHMAN, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

On an unknown date prior to October 15, 2010, Defendant/Movant Marshall Tilghman filed a pro se motion for relief pursuant to 28 U.S.C. § 2255. D.E. 60; D.E. 62; *see also* D.E. 61 at n.1. The United States responded in opposition on February 3, 2011, D.E. 69, and Defendant filed a pro se reply on March 17, 2011. D.E. 78.

Having considered the full record, and for reasons stated below, the Court hereby **RECOMMENDS** that the District Judge **DENY** section 2255 relief on five grounds of ineffective assistance of counsel and two grounds of prosecutorial conduct. However, the Court also **RECOMMENDS** that the District Judge **GRANT** relief as to the claim that Defendant's six-year supervised release term is improper.

## I. BACKGROUND

On September 6, 2007, a federal Grand Jury returned a four-count indictment against Defendant Marshall Tilghman. D.E. 1. The indictment charged that Defendant, while an inmate at the United States Bureau of Prison's Federal Medical Center in Lexington, Kentucky ("FMC Lexington"), committed the following crimes: 1) assault with intent to murder another inmate in violation of 18 U.S.C. § 113(a)(1); 2) assault with a dangerous weapon with intent to do bodily

harm in violation of 18 U.S.C. § 113(a)(3); 3) assault resulting in serious bodily injury to another inmate in violation of 18 U.S.C. § 113(a)(6); and 4) knowing possession of a prohibited object, specifically a shank or homemade knife, designed to be used as a weapon in violation of 18 U.S.C. § 1791(a)(2). *Id.* at 2-4. Defendant pleaded not guilty at his arraignment on September 17, 2007, and was remanded to the custody of the United States Marshal pending trial. D.E. 4.

Defendant's trial by jury occurred on December 3-4, 2007. D.E. 21, 23. The United States called thirteen witnesses, and Defendant presented testimony from three witnesses, to include himself. D.E. 24. Ultimately, the jury convicted Defendant of the charges in Counts 3 and 4 of the Indictment and acquitted Defendant of the more serious charges in Counts 1 and 2. D.E. 23, 28. The jury also specifically found that Defendant "possessed an eleven by two inch sharpened piece of metal." D.E. 28.

Defendant was sentenced on March 7, 2008. D.E. 33. During the sentencing proceeding, District Judge Forester denied Defendant's various objections to the presentence report. D.E. 35. The District Judge then sentenced Defendant to a 120-month term of incarceration on Count 3 and a 60-month term of incarceration on Count 4, ordering that the terms run concurrently with each other for a total term of 120 months. D.E. 38 at 2. Additionally, the District Judge ordered that the 120-month term of imprisonment "run consecutively to the defendant's imprisonment under any previous state or Federal sentence." *Id.* Furthermore, the District Judge sentenced Defendant to a six-year term of supervised release, consisting of "three (3) years on each of Counts 3 and 4, to run consecutively to each other." *Id.* at 3. Finally, Defendant was also ordered to pay a mandatory special assessment of $200.00. *Id.* at 5.

With the assistance of new counsel, Defendant timely appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit. On appeal, Defendant

argued that insufficient evidence existed to support his assault conviction and possession-of-a-prohibited-object conviction.  D.E. 52 at 3-4.  Additionally, Defendant argued that he received a procedurally unreasonable sentence because the District Judge committed the following errors when calculating his Guidelines range: 1) erroneously "finding that the assault 'involved more than minimal planning'", *id.* at 6; 2) "engaged in impermissible double counting when it applied a four-level enhancement because Tilghman 'otherwise used' a 'dangerous weapon' in committing the assault", *id.* at 8; and 3) erroneously "added three points to his criminal-history score because he committed the offenses while confined on a sentence of imprisonment of at least 60 days."  *Id.* at 9.  Finally, Defendant challenged, without legal argument, the District Judge's determination that Defendant was a career offender.  *Id.* at 11.

In an eleven-page opinion, the Sixth Circuit found the aforementioned grounds for relief "unconvincing" and affirmed Defendant's conviction and sentence.  *Id.* at 1, 11.

On September 5, 2009, Defendant filed a petition for a writ of certiorari with the Supreme Court of the United States.  D.E. 55.  The Supreme Court denied the petition on October 13, 2009.

On an unknown date prior to October 15, 2010, Defendant filed the instant section 2255 motion.  D.E. 60, 62.  In support of his request that the Court set aside his conviction and modify his sentence, D.E. 62 at 12, Defendant alleges five claims of ineffective assistance of counsel, two claims of prosecutorial misconduct, and one additional claim of sentence miscalculation.  Specifically, Defendant alleges that trial counsel rendered ineffective assistance by 1) "knowingly not allowing defendant's presence in the final phase of the choosing of the jury"; 2) failing "to interview or subpoena witnesses for the defendant"; 3) failing to obtain "written statements given to prison official from inmates witnesses prior to the FBI 302's on or about

November 13, 2007"; 4) failing to admit into evidence "prosecution witnesses statements . . . so that [they] could be examined by the jury"; and 5) failing to present "testimony to explain the victims' bipolar effects on his moods and thoughts." *Id.* at 4. Per Defendant's allegations, the Assistant United States Attorney committed prosecutorial misconduct by "knowingly allowing inmate witnesses to testify under penalty of perjury as to whether they were receiving favors for such testimony" and by "knowingly keeping the FBI 302 witness statements out of evidence but referred to them periodically during cross-examination, knowing a reasonably [sic] jury would have seen the duplication and word for word by each inmate witness for the prosecution." *Id.* at 5. Finally, Defendant asserts that the District Judge erred when sentencing him to two consecutive three-year terms of supervised release instead of two concurrent three-year terms. *Id.* at 7.

The United States responded in opposition on February 3, 2011. D.E. 69. Addressing first Defendant's various allegations of ineffective assistance of counsel, the United States, reliying upon an attached affidavit from Defendant's trial counsel, argues that Defendant has failed to demonstrate that trial counsel was ineffective. *Id.* at 2-7. Per the United States and Defendant's trial counsel, Defendant "was involved in every stage of jury selection," *id.* at 2, and was only out of the courtroom "during the drawing of the names by the Clerk," a process that trial counsel advised Defendant "was a ministerial function and neither parties were involved." *Id.* at 3. Additionally, the United States notes that trial counsel "interviewed all of the witnesses Tilghman listed" and argues that any decision by trial counsel to call or not call a specific witness constitutes a non-reviewable strategic decision. *Id.* Turning to Defendant's claims regarding pretrial availability of the FBI 302s and witness statements, the United States presents a sworn statement from trial counsel indicating that the United States was forthcoming with all

witness statements and that trial counsel copied and reviewed those statements with Defendant. *Id.* at 4. The United States also argues that Defendant's related claim of ineffective assistance based on counsel's failure to admit into evidence these witness statements is unfounded because trial counsel cross-examined each government witness "as to the inconsistencies in their statements and those inconsistencies were pointed out both on direct examination by the United States, but also on cross-examination by Tilghman's counsel." *Id.* at 5. Finally, citing a strategic trial decision rationale and Defendant's failure to show how testimony regarding the victim's psyche "would bolster his case," the United States opposes relief based on Defendant's claim that trial counsel was ineffective for failing to present testimony regarding the victim's alleged bipolar disorder. *Id.* at 6-7.

The United States also argues that Defendant's claims of prosecutorial misconduct are improper and frivolous. *Id.* at 7-8. Specifically, the United States notes that Defendant failed to raise these claims in either this Court or the Court of Appeals, and that Defendant offers no cause or actual prejudice sufficient to overcome waiver. *Id.* Additionally, the United States argues that even if Defendant had not waived his right to raise these claims, the claims nevertheless do not justify section 2255 relief because Defendant "fails to establish these allegations of prosecutorial conduct resulted in an unfair trial." *Id.* at 8.

The United States provides no response to Defendant's claim that the District Judge improperly sentenced him to consecutive supervised release terms.

On March 17, 2011, Defendant filed a pro se reply. D.E. 78. In his reply, Defendant largely reiterates the claims listed in his section 2255 motion and expresses generally his disagreement with the United States' response brief. Defendant also notes that the United States failed to respond to his claim that his six-year supervised release term is improper. *Id.* at 5.

## II. DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law.  28 U.S.C. § 2255.  To prevail on a section 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  By contrast, to obtain habeas relief based on an alleged non-constitutional error, a defendant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Id.* at 488 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).  As the section 2255 movant, a defendant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

The Court shall hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Additionally, the Court recognizes that Defendant is proceeding pro se, or without the assistance of an attorney.  Pro se motions receive a comparatively lenient construction by the Court.  *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

### B. Ineffective Assistance of Counsel

When asserting an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a defendant must prove ineffective assistance of counsel by a preponderance of the evidence).   In order to prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.  A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances."  *Id.* at 688.  Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.*

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 688.  In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Id.* at 694.  Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.  When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id.* at 695.  Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.

As previously noted, Defendant's section 2255 motion presents five claims of ineffective assistance of counsel.  Having reviewed the record and evidence presented by the United States in the form of trial counsel's affidavit and noting the Defendant's burden of proof in the section 2255 context, the Court finds that Defendant's claims do not constitute ineffective assistance of counsel under the *Strickland* standard.  Therefore, for the reasons that follow, the District Court should deny section 2255 relief premised on Defendant's allegations of ineffective assistance of counsel.

*1. Failure to Ensure that Defendant's Presence During the Final Phase of Voir Dire*

Defendant's allegation that counsel was ineffective for failing to allow him to be present during the final phase of jury selection is contradicted by the record.  According to trial counsel's sworn affidavit, Defendant was intimately involved with jury selection in his case.  Trial counsel specifically avers that he

> took the venire panel and a summary of the venire panel information based on jury sheets, to the Fayette County Detention Facility Sunday before trial and went over the names and demographics with the Defendant.  At the trial of the case, the Defendant and undersigned counsel had a discussion based on the Voir Dire of possible strikes and it is the undersigned's recollection that Mr. Tilghman signed off on the strike page that was then submitted to the clerk.  Undersigned, at some point during the Voir Dire, process, after Mr. Tilghman was returned to the Marshall's Office, advised Mr. Tilghman, during the drawing of the names by the Clerk, that he would not be present as that was a ministerial function that neither

party or side would be involved with.  That is the only allegation undersigned counsel believes occurred in this case.

D.E. 69-1 at 1-2, ¶ 4.

Nothing in Defendant's section 2255 motion or reply brief undermines trial counsel's sworn statement or the Court's review of the record.  Defendant bears the burden of proving that counsel's performance was deficient and that such deficient performance was prejudicial to Defendant's case.  Defendant's absence during the ministerial drawing of juror names cannot be said to have had any effect on the outcome of the proceedings when no party is ordinarily involved in that process.  Nor does Defendant provide any meaningful description of any prejudice.  In sum, Defendant's claim is wholly unsupported and therefore fails.

### 2. Failure to Interview or Subpoena Witnesses

Defendant's allegation that trial counsel was ineffective due to his failure to interview or subpoena defense witnesses does not justify section 2255 relief.  Defendant bears the burden of proving that trial counsel's conduct was deficient and prejudicial, yet Defendant fails to identify a single witness that trial counsel allegedly failed to interview or subpoena and fails to detail how the testimony of any such witness would have changed the outcome of the trial.

When a defendant claims that his attorney failed to call a witness at trial, he must "[a]t the very least . . . submit sworn affidavits from each of the individuals he has identified as uncalled witnesses stating whether they were in fact available to appear at trial and able to give testimony favorable to [the] defense."  *Talley v. United States,* No. 1:00-cv-74, 2006 WL 3422997, at *10 (E.D. Tenn. Nov. 27, 2006); *see also United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991) ("Under whatever framework, however, evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-

serving speculation will not sustain an ineffective assistance claim."). Having failed to present such affidavits, the Court cannot make any real assessment of how any testimony from the purported defense witnesses would have affected the outcome of his trial. Thus, Defendant's assertion that his attorney was ineffective for failing to investigate and present witnesses at trial is without merit.

By contrast, trial counsel, in a sworn affidavit, avers that he "went to Lexington Medical Center, where the allegations of this fight occurred, spoke with any number of inmates and attempted conversations with other persons, allegedly witnesses, to the events as supplied by the Defendant." D.E. 69-1 at 2, ¶ 5. Trial counsel also recalls that "there was no person noted by the Defendant in the pre-trial discussions that was not attempted to talk to and either refused to talk or actually did talk." *Id.* The Court also notes that, per *Strickland*, it will not engage in an after-the-fact review of trial counsel's tactical decisions, to include what witnesses to call at trial, particularly when, as here, trial counsel's able representation resulted in acquittal of the more serious charges in the Indictment. Therefore, based on the absence of information provided by Defendant and bolstered by trial counsel's sworn statement, the Court finds that trial counsel was not ineffective in his trial preparation regarding the interview and subpoena of witnesses and that habeas relief is not appropriate.

### 3. Failure to Obtain Witness Statements

Defendant's allegation that trial counsel was ineffective due to his alleged failure to obtain witness statements is not supported by the record. In his motion and reply, Defendant fails to identify the witness statements at issue and the relevance of their alleged absence to his defense. Significantly, Defendant's allegation is forcefully countered by trial counsel's sworn statement commending the United States for being "extraordinarily generous with early

presentation of all witness statements and follow up witness statements." D.E. 69-1 at 2-3, ¶ 6. Trial counsel also avers that Defendant received copies of and reviewed all witness statements and "had an extraordinary wealth of information for his disposal for purposes of trial." *Id.* at 3, ¶ 6. The record, to include trial counsel's examination and cross-examination of witnesses, *see, e.g.*, D.E. 45 at 134-43 (cross of inmate witness David Lee McClure); *id.* at 157-59 (cross of inmate witness Steve Johnson), and the jury's decision to acquit Defendant on two of the four charges, D.E. 28, supports trial counsel's assessment of the pretrial availability of information upon which to build an able defense.

In short, Defendant presents no evidence that trial counsel performed deficiently in procuring witness statements relevant for trial preparation and execution and Defendant fails to establish prejudice; thus, the Court finds that counsel was not ineffective and that habeas relief is unwarranted.

### 4. Failure to Admit Statements from Prosecution Witnesses

Defendant's allegation that trial counsel was ineffective because he did not admit statements from prosecution witnesses into the record does not justify section 2255 relief. Essentially, Defendant's allegation is based on his unsupported belief that the jury would have acquitted him on all charges if they would have been able to view the full witness statements when evaluating witness credibility. Such a belief does not amount to proof that trial counsel rendered deficient performance and that Defendant would have been acquitted fully but for such deficient performance. Trial counsel acknowledges, D.E. 69-1 at 7, ¶ 7, and the record reflects that both trial counsel during cross-examination, and counsel for the United States on direct examination pointed, out inconsistencies in the witness statements. *See, e.g.*, D.E. 45 at 122-26 (direct examination of David Lee McClure); *id.* at 134-43 (cross of inmate witness David Lee

McClure); *id.* at 154-56 (direct examination of inmate witness Steve Johnson) *id.* at 157-59 (cross of inmate witness Steve Johnson); *id.* at 188-90 (direct examination of William Edward Kelley).   In short, the record shows that witnesses were thoroughly examined and cross-examined through the adversarial process and that the jury had sufficient information to assess the credibility of each trial witness.   Defendant presents no evidence that trial counsel was ineffective or any resulting prejudice, and habeas relief is not appropriate.

### 5. Failure to Present Evidence Regarding the Victim's Bipolar Disorder

Defendant's allegation that trial counsel was ineffective due to his alleged failure to present evidence regarding the victim's bipolar disorder is not supported by the record.  Beyond his confusing allegation, Defendant presents nothing more than conjecture regarding the relevance that any such testimony about the victim's alleged bipolar disorder and its effects on the victim's thoughts and moods would have had on the outcome of the case.  By contrast, both the trial record and trial counsel's sworn statement demonstrate that the victim was extensively cross-examined, allowing the jury to judge his credibility versus that of Defendant, who also testified, during its deliberations.  D.E. 45 at 217-20, 223-24, 233-34 (testimony of victim Joseph Randall Hobbs, Jr. describing the underlying events); D.E. 46 at 20-23, 26-29 (testimony of Defendant Marshall Tilghman describing the underlying events).  In short, the Court cannot find that trial counsel was ineffective in his cross-examination of the victim or any resulting prejudice, and habeas relief is not appropriate.

## C. Prosecutorial Misconduct

### 1. Procedural Default

A section 2255 motion cannot substitute for a direct appeal.  *Sunal v. Large*, 332 U.S. 174, 178 (1947) ("[T]he general rule is that the writ of habeas corpus will not be allowed to do

service for an appeal."); *Peveler v. United States*, 269 F.3d 693, 698-703 (6th Cir. 2001) (analyzing procedural default).   To assert a claim not raised on direct review, a defendant ordinarily must show cause for the default and prejudice.   *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003).   Additionally, "[i]f claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available" subject to a Strickland analysis.   *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Here, as pointed out by the United States, Defendant failed to raise in either this Court or the Court of Appeals claims of prosecutorial misconduct stemming from allegations that counsel for the United States suborned perjury or kept statements from the jury.   The United States, in its response, invokes the procedural default defense, and Defendant, in both his motion and subsequent reply, fails to present any evidence or argument justifying such failure nor any evidence of resulting prejudice.   Therefore, the Court finds that Defendant's prosecutorial conduct claims are not properly before the Court.

### 2. Analysis

Even if the Court could properly consider Defendant's claims of prosecutorial conduct, Defendant is not entitled to section 2255 relief.   First, to succeed on a claim for prosecutorial misconduct based on subornation of perjury, a movant must demonstrate that a material statement was actually false and that the prosecution knew or should have known of the falsity. *United States v. McClain*, 108 F. App'x 670, 676 (2d Cir. 2004) (addressing a section 2255 claim); *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989) (addressing a direct appeal).   Defendant provides no such evidence of falsity beyond his own vague assertions of quid pro quo dealings between the United States and its witnesses.   Therefore, even absent

procedural default, Defendant's allegations of prosecutorial misconduct do not justify section 2255 relief.

### D. Sentence Calculation

As a final ground for relief, Defendant contends that the trial court erred by imposing his terms of supervised release consecutively, rather than concurrently. D.E. 62 at 7. The United States offered no response at all to this issue and thereby waived any defense of procedural default. *See Cone v. Bell*, 556 U.S. 449, 485 n.6 (2009) (Alito, J., concurring in part and dissenting in part) (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)) (noting that "procedural default may be waived if it is not raised as a defense"); *Flood v. Phillips*, 90 F. App'x 108, 114-15 (6th Cir. 2004) (discussing waiver of procedural default as a defense and declining to raise the issue *sua sponte*). Defendant is correct, and the District Court should grant section 2255 relief on this ground.

Under 18 U.S.C. § 3624, a "term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject to during the term of supervised release." 18 U.S.C. § 3624(e). This statute completely bars the sentencing of defendants to consecutive terms of supervised release. *See United States v. Salcido*, 29 F. App'x 216, 222 (6th Cir. 2002); *United States v. Barrios*, 374 F. App'x 56, 57-58 (2d Cir. 2010); *United States v. Hernandez-Guevara*, 162 F.3d 863, 877-78 (5th Cir. 1998); *United States v. Gullickson*, 982 F.2d 1231, 1235-36 (8th Cir. 1993).

Here, the District Judge sentenced Defendant, in relevant part, to "supervised release for a term of: SIX (6) YEARS. This term consists of three (3) years on each of Counts 3 and 4, to run consecutively to each other." D.E. 38 at 3. At the sentencing hearing, the District Judge

14

announced the same: "Upon release from imprisonment, you will be placed on supervised release for six years.  That's three years on each of Counts 3 and 4, to run consecutively to each other." D.E. 48 at 27.  Under section 3624, such consecutive terms of supervised release cannot stand. In such a circumstance, the appropriate remedy is for the District Judge to vacate its sentence of supervised release and conduct a re-sentencing.  *See Salcido*, 29 F. App'x at 222.

### III. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)).  For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

No reasonable jurist would find the assessments above to be wrong or debatable; thus, no Certificate of Appealability should issue.  Defendant's motion fails to prove that trial counsel rendered ineffective assistance under the Strickland standard.  In short, his complaints regarding counsel's performance either fall within the realm of trial strategy, which this Court will not

revisit in hindsight, or lack requisite proof of prejudice, and the trial record does not support Defendant's allegations. Additionally, Defendant's failure to raise prosecutorial misconduct claims at trial or with the Sixth Circuit amounts to procedural default. Furthermore, even if those claims were properly before the Court, Defendant has failed to prove that the alleged misconduct rendered unfair Defendant's trial.

## III. RECOMMENDATION

For reasons discusses above, the Court **RECOMMENDS** that the District Court **DENY** Defendant's motion for section 2255 relief as to the claims of ineffective assistance of counsel and prosecutorial misconduct, but **GRANT** relief as to the improper sentencing claim. In so granting relief, the District Court should **VACATE** its sentence of supervised release and **CONDUCT** a re-sentencing. Because the filings and records establish conclusively that Defendant is not entitled to section 2255 relief on the denied grounds, the Court need not conduct an evidentiary hearing. The Court also **RECOMMENDS** that the Court **DENY** a Certificate of Appealability concerning those denied grounds.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 14th day of January, 2013.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge