Eastern District of Kentucky
**F I L E D**
SEP 0 3 2013
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 07-CR-138-KSF
CIVIL ACTION NO. 10-CV-7143-KSF

UNITED STATES OF AMERICA     PLAINTIFF/RESPONDENT

v.     **OPINION & ORDER**

MARSHALL TILGHMAN     DEFENDANT/MOVANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Motion of the Defendant, Marshall Tilghman, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence [DE #60, #62]. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration. After reviewing *de novo* the Magistrate Judge's Recommended Disposition [DE #84] and Defendant's Objections thereto [DE #92], this Court adopts and incorporates the decision of the Magistrate Judge as the opinion of the Court and grants in part and denies in part the motion to vacate, set aside or correct sentence.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

Tilghman was indicted by a federal grand jury on September 6, 2007, charging him with four crimes as a result of his involvement in an altercation at the Federal Medical Center in Lexington, Kentucky [DE #1]. In Count 1, Tilghman was charged with assault with intent to murder another inmate in violation 18 U.S.C. § 113(a)(1). Count 2 charged Tilghman with assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. 113(a)(3). Count 3 charged

Tilghman with assault resulting in serious bodily injury to another inmate in violation of 18 U.S.C. § 113(a)(6). Finally, in Count 4, Tilghman was charged with knowing possession of a prohibited object, specifically a shank or homemade knife, designed to be used as a weapon in violation of 18 U.S.C. § 1791(a)(2). At his arraignment on September 17, 2007, Tilghman entered a plea of not guilty, and was remanded to the custody of the United States Marshal pending trial [DE #4].

After a two-day trial beginning on December 3, 2007, Tilghman was convicted of the charges in Counts 3 and 4, and acquitted of the charges in Counts 1 and 2 [DE #23, 28]. The jury also specifically found that Tilghman "possessed an eleven by two inch sharpened piece of metal" [DE #28].

At his sentencing on March 7, 2008, Tilghman was sentenced to a 120-month term of imprisonment on Count 3 and a 60-month term of imprisonment on Count 4, to run concurrently with each other for a total term of 120 months [DE #38]. Additionally, the Court imposed a six-year term of supervised release, consisting of "three (3) years on each of Counts 3 and 4, to run consecutively to each other" [DE #38].

Following his conviction, and under the representation of new counsel, Tilghman appealed the conviction and sentence to the Sixth Circuit Court of Appeals [DE # 40]. He argued insufficient evidence to support both convictions. He also challenged his sentence as procedurally unreasonable in miscalculating the guideline range and improper because the Court allegedly erroneously classified him as a career offender. His appeal was denied by the Sixth Circuit on June 9, 2009 [DE ##52, 53], and the Supreme Court denied his petition for certiorari on October 13, 2009 [DE #56].

On October 15, 2010, Tilghman filed the instant § 2255 motion [DE #60]. In his motion, Tilghman sets forth several claims for relief. Specifically, he alleges five claims of ineffective

assistance of counsel, two claims of prosecutorial misconduct, and one claim of sentence miscalculation. In support of his claims for ineffective assistance of counsel, Tilghman alleges his counsel was ineffective in the following ways: (1) by "knowingly not allowing defendant's presence in the final phase of choosing the jury;" (2) by failing "to interview or subpoena witnesses for the defendant;" (3) by failing to obtain "written statements given to prison officials from inmate witnesses prior to the FBI 302's on or about November 13, 2007;" (4) by failing to admit into evidence "prosecution witness statements . . . so that [they] could be examined by the jury;" and (5) by failing to present "testimony to explain the victims' bipoloar effects on his moods and thoughts." As to his claims for prosecutorial misconduct, Tilghman contends that the prosecutor "knowingly allow[ed] inmate witnesses to testify under penalty of perjury as to whether they were receiving favors for such testimony" and by "knowingly keeping the FBI 302 witness statements out of evidence but referred to them periodically during cross-examination, knowing a reasonably [sic] jury would have seen the duplication and word for word by each inmate witness for the prosecution." Finally, with respect to his claim for sentence miscalculation, Tilghman argues that the Court erred when sentencing him to two consecutive three-year terms of supervised release instead of two concurrent three-year terms.

## II. THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION [DE #84]

In his Recommended Disposition of January 14, 2013, the Magistrate Judge first considered Tilghman's claims based on ineffective assistance of counsel. Reviewing the record and the applicable law, including *Strickland v. Washington*, 466 U.S. 668 (1984) (requiring a showing that counsel's performance was deficient and the defendant suffered prejudice), the Magistrate Judge concluded that none of the ineffective assistance of counsel grounds set forth by Tilghman warranted

3

relief. Under *Strickland*, the Magistrate Judge explained that Tilghman must prove both counsel's deficiency and resulting prejudice. Of particular note to the Magistrate Judge was the *Strickland* court's care to maintain "the wide latitude counsel must have in making tactical decisions." *Id.* at 689.

First, the Magistrate Judge found that Tilghman's first and third ineffective assistance of counsel claims failed for lack of factual support. While Tilghman alleges that he was not present during critical stages of jury selection, the sworn statement from defense counsel stated that Tilghman and his counsel were present and involved in all critical stages and discretionary decisions of the jury selection process. Because Tilghman failed to provide any evidence to the contrary, the Magistrate Judge found no factual basis for his claim. Tilghman's third claim, that counsel failed to obtain witness statements, was found similarly lacking in factual support. With Tilghman offering no contrary evidence, the sworn statement of defense counsel praised the United States' "extraordinary generosity with early presentation of all witness statements and follow up witness statements."

Tilghman's second ineffective assistance of counsel claim is based on his claim that counsel failed to interview or subpoena witnesses. The Magistrate Judge, however, found that Tilghman failed to identify any specific witnesses whose testimony would be favorable, and noted that defense counsel's sworn statements showed efforts to speak with all witnesses Tilghman had identified. In addition to the lack of factual support for this claim, the Magistrate Judge, citing the wide berth given to strategic trial decisions set out in *Strickland*, determined that this claim lacked any showing of prejudice. As a result, the Magistrate Judge recommended that this claim be denied.

Similar concerns about prejudice were cited in the Magistrate Judge's recommendation that

Tilghman's fourth and fifth claims alleging ineffective assistance of counsel be denied. While Tilghman's fourth claim, alleging ineffectiveness in failing to admit statements from prosecution witnesses into evidence, had some factual basis, the Magistrate Judge determined that counsel's cross examination of these witnesses was thorough and provided a proper basis for the jury to make a credibility determination. Thus, failing to admit the witness statements did not result in any prejudice to Tilghman. Similarly, Tilghman's fifth ineffective assistance of counsel claim, alleging that his counsel failed to admit into evidence the victim's bipolar disorder, was also cured by the usefulness of direct and cross examination of the witness. Furthermore, the Magistrate Judge concluded that any speculative assertion about the victim's mental condition could not support habeas relief. For all these reasons, the Magistrate Judge recommended that Tilghman's ineffective assistance of counsel claims be denied.

The Magistrate Judge then turned to Tilghman's procedural misconduct claims. According to the Magistrate Judge, these claims are procedurally improper because they were not addressed on direct appeal. There is no dispute that Tilghman did not raise these claims in his appeal, and to assert a claim for the first time in a § 2255 motion, he must show cause for the default and prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Because Tilghman failed to present any evidence or argument justifying such failure or any evidence of resulting prejudice, the Magistrate Judge recommended that these claims be dismissed.

Even if the claims were properly before the Court, the Magistrate Judge found that they were lacking under the standard set out in *United States v. Lochmondy*, 980 F.2d 817 (6th Cir. 1989). In *Lochmondy*, the Sixth Circuit held that a showing of prosecutorial subordination of perjury requires

a showing both of the statement's falsity and the prosecution's knowledge of that falsity. According to the Magistrate Judge, Tilghman has failed to show either.

Finally, the Magistrate Judge agreed with Tilghman's contention that a sentence composed of consecutive terms of supervised release was improper. The relevant statute, 18 U.S.C. § 3624(e), provides a "term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject to during the term of supervised release." The Magistrate Judge noted that the Sixth Circuit has held that this statute bars consecutive terms of supervised release. *United States v. Salcido*, 29 Fed. App'x 216, 222 (6th Cir. 2002). Because Tilghman's sentence included two three-year terms of supervised release, to be served consecutively, the Magistrate Judge found that he was entitled to habeas relief on this claim.

## III. ANALYSIS

Tilghman filed objections to the Magistrate Judge's Recommended Disposition on July 9, 2013. [DE #92]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's Recommended Disposition to which objection is made. 28 U.S.C. § 636(b)(1)(c).

Tilghman first objects to the Magistrate Judge's determination that his ineffective assistance of counsel claim is not entitled to relief. He raises broad objections concerning the reasonableness of his representation and its implications for due process. His only specific objection reasserts, without additional information, his allegation that counsel failed to obtain the Bureau of Prisons' statements from witnesses. However, as the Magistrate Judge noted, Tilghman has failed to identify any statements at issue. Moreover, defense counsel has submitted a sworn statement attesting to the

thoroughness of the government's disclosures of witness statements. Thus, the Court agrees with the Magistrate Judge that Tilghman has failed to set forth any factual basis for his ineffective assistance of counsel claim based on the alleged witness statements. Additionally, even if Tilghman had evidence that such statements exist, their prejudicial nature must still be shown in order to proceed on his ineffective assistance of counsel claim. His lack of specificity defeats his claim. Without pointing to specific witnesses and their statements which might have bolstered his defense, Tilghman's arguments about a resulting unfair trial are merely speculative and fail to meet the prejudice standard required by *Strickland*. Accordingly, Tilghman's objections on this claim will be overruled.

Next, Tilghman objects to the Magistrate Judge's recommendation that his prosecutorial misconduct claim be dismissed. He contends that the prosecution knowingly presented false testimony from two witnesses receiving favorable treatment. Tilghman, however, has failed to come forward with any evidence or argument justifying his failure to raise this issue in his direct appeal. As noted by the Magistrate Judge, a section 2255 motion cannot substitute for a direct appeal. *Sunal v. Large*, 332 U.S. 174, 178 (1947)("[T]he general rule is that the writ of habeas corpus will not be allowed to do service for an appeal"). As a result, the Court will dismiss Tilghman's claims based on prosecutorial misconduct.

Finally, Tilghman concurs with the Magistrate Judge's determination that the Court erred in imposing consecutive terms of supervised release. Upon review, this Court agrees. *See* 18 U.S.C. § 3624(e). Because 18 U.S.C. § 3624 bars the sentencing of defendants to consecutive terms of supervised release, Tilghman will be granted relief on this claim and an amended judgment will be entered. *See United States v. Salcido*, 29 Fed. Appx. 216, 222 (6th Cir. 2002).

In determining whether a certificate of appealability should issue as to Tilghman's claims based on ineffective assistance of counsel and prosecutorial misconduct, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that Tilghman has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

### IV. CONCLUSION

After having considered Tilghman's objections, which the Court finds to be without merit with the exception of the improper sentencing issue, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition. Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that

(1) the Magistrate Judge's Recommended Disposition [DE #84] is **ADOPTED** as and for the opinion of the Court;

(2) the Defendant's objections to the Magistrate Judge's Recommended Disposition [DE #92] on the claims based on ineffective assistance of counsel and prosecutorial misconduct are **OVERRULED**;

(3) the Defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [DE ##60, 62] is **GRANTED** only as to his claim based on improper sentencing and **DISMISSED WITH PREJUDICE** on all other grounds;

(4) an amended judgment will be entered contemporaneously with this opinion in favor of Tilghman with respect to Tilghman's sentence of supervised release; and

(5) a judgment will be entered contemporaneously with this opinion in favor of the United States on Tilghman's claims based on ineffective assistance of counsel and prosecutorial misconduct.

This 3 day of September, 2013.

*Karen K. Caldwell for*
Karl S. Forester, Senior judge